BETTMAN, APPELLEE, *v.* HODESH, APPELLANT.

(No. 6165—Decided November 23, 1942.)

*Mr. A. A. Rendigs, Jr.,* for appellee.
*Mr. John R. Hahn,* for appellant.

By THE COURT. This is an action to recover the reasonable value of services rendered by the plaintiff (since deceased) as an attorney in an endeavor to transform the defendant's relation to the Walnut Garage from that of a lessee, with privilege of purchase, to that of the holder of the absolute legal title, subject to mortgage or mortgages.

The plaintiff had previously represented the defendant in securing the lease and had been paid $4,000 for such services. This lease included a privilege of purchase for $750,000, of which $503,000 was in the form of an existing first mortgage, which was to be assumed, and the balance of $247,000 was to be paid in cash on the exercise of the option to purchase.

It was the claim of the plaintiff that at or after this lease was secured, he was employed by the defendant to endeavor to get a reduction in the purchase price and to obtain for him a loan of a sufficient amount to enable him to exercise the option, and that he had obtained an agreement to reduce the purchase price, and had submitted the proposal to borrow to The Western & Southern Life Insurance Company, when he was discharged by the defendant. It was his claim that the defendant, through another attorney, availed himself of the progress he had made and continued the negotiations and was able to and did obtain the legal title to the Walnut Garage, subject to mortgages, and that the conditions had been fulfilled under which he was entitled to compensation for services in initiating the negotiations and carrying them on until his discharge.

He asked for $10,000 as compensation, and, after a trial, the jury awarded that sum to him, and judgment was entered on the verdict. It is from that judgment that this appeal was taken.

Many errors are assigned, but as we view the record, all the assignments of a substantial nature relate to the incorrect assumption that the plaintiff had ob-

tained an agreement for a reduction of $100,000 from the purchase price, as stated in the lease. The plaintiff testified to the value of his services on that assumption, and the three lawyers, who were called as witnesses to the value of his services, also used that as a predicate for their opinions.

The fact is, that the record shows that while a reduction was obtained of $100,000, it was conditioned on the defendant paying two items aggregating $46,000. The plaintiff testified to facts indicating that he understood that there was to be a net reduction of $100,000, but he did not testify that the lessor had agreed. It is manifest from a reading of his testimony that the lessor had not agreed.

We, therefore, find that the court erred in overruling the objection to the hypothetical question, and that this error was so prejudicial as to the extent that it caused the expert witnesses to place a proportionately higher value upon the plaintiff's services.

The plaintiff gave his opinion as to the value of his services entirely on the hypothesis that a reduction of $100,000 had been obtained and gave no indication of his opinion on any other basis. His opinion, therefore, is inapplicable to the facts proved. The other attorneys who testified stated that if a reduction of a smaller amount was obtained their estimate would be proportionately reduced. From their testimony, we deduce that in view of the fact that the lessor had agreed to a net reduction of $53,000, and not $100,000, their opinion of the value of the services would be a little more than half of their estimate given on the basis of the hypothesis, and that the verdict of the jury would have been correspondingly smaller.

We, therefore, think that the record would justify a judgment for $5,300, and that the court should re-

quire consent to a reduction as a condition of affirmance. 30 Ohio Jurisprudence, 127, Section 81. If the plaintiff will agree to a remittitur of $4,700 from the judgment, the judgment will be modified to that extent, and affirmed as modified. Otherwise, the judgment will be reversed and the cause remanded for a new trial.

We find no other substantial error in the record.

*Judgment accordingly.*

MATTHEWS, P. J., Ross and HAMILTON, JJ., concur.